IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| WBLESTER GARCIA-RODRIGUEZ,  Petitioner,  vs.  UNITED STATES OF AMERICA,  Respondent. | MEMORANDUM DECISION AND ORDER  Case No.  1:05CV78 DAK |

This matter is before the court on Wblester Garcia-Rodriguez's ("Petitioner") pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  On March 23, 2004, Petitioner pleaded guilty to violating 8 U.S.C. § 1326 (Reentry of a Previously Removed Alien).   June 28, 2004, he was sentenced to 46 months in prison and 36 months of supervised release.

Petitioner challenges the enhancement he received for his prior convictions as unconstitutional under  *United States v. Booker*, ___U.S.___, 125 S. Ct. 738, 756 (2005) and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).   First,  *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), did not apply to the United States Sentencing Guidelines. In addition, neither *Blakely* nor *United States v. Booker*, 543 U.S.220, 125 S. Ct. 738, 756 (2005)*,* apply retroactively to cases on collateral review.  *United States v. Bellamy*, 411 F.3d 1182, 1187 (10th Cir.2005); *United States v. Price*, 400 F.3d 844, 849 (10th Cir.2005).

1

**I.  *United States v. Booker* Does Not Apply Retroactively to Cases on Collateral Review**

A party filing a § 2255 motion must do so within one year of:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255.  Petitioner's conviction became final, however, before the Supreme Court's decision in *Booker*.  There are two lines of cases disposing of § 2255 motions based upon *Booker*: (A) cases finding that *Booker* does not apply retroactively because it is a new procedural rule that does not implicate the fundamental fairness of the criminal proceeding; and (B) cases finding that *Booker* does not apply retroactively because the Supreme Court has not specifically held that it does, as required under *Tyler v. Cain*, 533 U.S. 656 (2001).  Petitioner's motion is denied under both approaches.

    A.  ***Booker* Does Not Apply Retroactively Because It Is a New Procedural Rule That Does Not Implicate Fundamental Fairness**

When the Supreme Court announces a "new rule," the rule "applies to all criminal cases still pending on direct review." *Schriro v. Summerlin*, 542 U.S. 348, 124 S. Ct. 2519, 1522 (2004).  As to already final cases, the new rule applies only in limited circumstances.  *Id.*  "New

*substantive* rules generally apply retroactively. . . . New rules of procedure, on the other hand, generally do not apply retroactively" unless the procedural rule is a "'watershed rule[] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 2522-23 (internal quotations omitted). "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes. In contrast, rules that regulate only the *manner of determining* the defendant's culpability are procedural." *Id.* at 2523 (internal citations omitted) (emphasis in original).

The Court in *Booker* "did not alter the range of conduct or the class of persons that the law punishes." *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005).[1] Instead, *Booker* merely "altered the range of permissible methods for determining the appropriate length of punishment." *Id.* (quotations omitted). "Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Schriro*, 124 S. Ct. at 2523. Thus, *Booker* announces a procedural rule. *See Price*, 400 F.3d at 845; *Rucker v. United States*, 2005 WL 331336, *5 (D. Utah Feb. 10, 2005) (holding that *Booker* is a procedural rule); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (same); *United States v. Siegelbaum*, 2005 WL 196526, *2 (D. Or. Jan. 26, 2005) (same).

To determine whether a procedural rule applies retroactively, the court must determine (1) if the procedural rule is a new rule, and (2) if the new procedural rule falls into two limited

---

[1] In *United States v. Price*, 400 F.3d 844 (10th Cir. 2005), the court addressed the applicability of *Booker* by analyzing whether *Blakely* was a procedural or substantive rule. *Id.* at 845. However, *Price* does not conclude that *Blakely* applied to the Federal Sentencing Guidelines prior to *Booker*. Instead, the court states, "even if the Court did apply *Blakely* to the federal guidelines, *Blakely* would not apply retroactively to initial § 2255 motions for collateral relief." *Id.*; *United States v. Leonard*, 2005 WL 139183 (10th Cir. Jan. 24, 2005) .

exceptions to the general rule that procedural rules do not apply retroactively. *Price*, 400 F.3d at 845.

    1.    <u>*Booker* Is a New Rule</u>

To determine whether *Booker* was a new rule at the time that Petitioner's conviction became final, the court must first determine the date Petitioner's conviction became final, and second, whether *Booker* announces a new rule. *Id.* at 845. First, "a conviction becomes final when the availability of a direct appeal has been exhausted, and the time for filing a certiorari petition with the Supreme Court has elapsed, or the Court has denied a timely certiorari petition." *Id*. at 845. By pleading guilty, Petitioner waived his right to directly appeal his sentence and challenges his sentence only on collateral review under 28 U.S.C.A. § 2255. Therefore, Petitioner's sentence became final on the date his sentence was entered, October 24, 2003, well before *Booker* was decided by the Supreme Court.

Second, "[a] rule is new when it 'breaks new ground or imposes a new obligation on the States or the Federal government' or if it 'was not *dictated* by precedent existing at the time the defendant's conviction became final.'" *Johnson v. McKune*, 288 F.3d 1187, 1196 (10th Cir. 2002) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)); *Rucker*, 2005 WL 331336, *5. Although prior case law may have foreshadowed *Booker*, it did not compel the decision. *See Price*, 400 F.3d at 848. Therefore, *Booker* is a new rule. *See id.*; *Rucker*, 2005 WL 331336, *5 (holding *Booker* is a new rule); *McReynolds*, 397 F.3d at 481 (same); *Siegelbaum*, 2005 WL 196526, *2 (same).

  2. As a New Procedural Rule, *Booker* Does Not Apply Retroactively Because It Does Not Fit Within the Limited Exceptions Under *Teague*

New procedural rules generally do not apply retroactively, unless they fall within two limited exceptions under *Teague v. Lane*, 489 U.S. 288, 307 (1989). *See Price*, 400 F.3d at 848. First, a new procedural rule will apply retroactively if it "'places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'" *Id.* (quoting *Teague*, 489 U.S. at 307). *Booker* does not fall within this exception. *Id.* Second, a new procedural rule will apply retroactively if it is a "'watershed rule[] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" *Id.* (quoting *O'Dell v. Netherland*, 521 U.S. 151, 156 (1997)).

In *Booker*, the Court found the Sentencing Guidelines unconstitutional because they allowed a judge to impose a sentence based on facts neither admitted to nor proven by a jury. 125 S. Ct. at 756. The Court determined in *Schriro*, that judicial factfinding does not implicate fundamental fairness because the evidence is "simply too equivocal" to support the conclusion that judicial factfinding "'so *seriously* diminishe[s]' accuracy that there is an 'impermissibly large risk' of punishing conduct the law does not reach." *Schariro*, 124 S. Ct. at 2525 (quoting *Teague*, 489 U.S. at 312-13 (internal quotation marks omitted)). Thus, the judicial factfinding proscribed by *Booker* does not implicate fundamental fairness. *See Price*, 400 F.3d at 848. Therefore, *Booker* does not apply retroactively because it is a new procedural rule that does not implicate the fundamental fairness and accuracy of the criminal proceeding. Because Petitioner's conviction became final prior to the *Booker* decision, *Booker* does not apply to Petitioner's case.

B.  *Booker* **Does Not Apply Retroactively Because the Supreme Court Has Not Specifically Held That It Does, As Required Under** *Tyler v. Cain*

While the above analysis would dispose of this case, Petitioner's motion is denied on the independent ground that the Supreme Court has not specifically held that *Booker* applies retroactively to cases on collateral review, as required under 28 U.S.C.A. § 2255(3).  Under § 2255, a Petitioner seeking review of his/her sentence based on a "newly recognized" right may do so only if the right was recognized by the Supreme Court and if the Court made the "newly recognized" right "retroactively applicable to cases on collateral review."  *Id.* § 2255(3).  Therefore, *Booker* applies to § 2255 motions only if (1) it is a "newly recognized" right, and (2) if the Supreme Court made it "retroactively applicable to cases on collateral review."  *Id.*  First, as discussed above, *Booker* announces a new rule.

Second, under § 2255, the new rule must have been made "retroactively applicable to cases on collateral review."  28 U.S.C.A. § 2255(3).  The Court in *Tyler v. Cain* interpreted similar language found in 28 U.S.C. § 2244 in determining the retroactive application of *Cage v. Louisiana*, 498 U.S. 39 (1990).  *See Tyler*, 533 U.S. 656, 658 (2001).  Section 2244 limits courts from awarding relief to prisoners who file successive habeas corpus applications, unless the prisoner "rel[ies] on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *See id*. at 661-62.  The Court found that under § 2244, for a new constitutional rule to apply retroactively to cases on collateral review, the Supreme Court–and the Supreme Court alone–must hold that the rule applies retroactively to cases on collateral review.  *See id.* at 662-63.  Therefore, the Court found that *Cage* did not apply to successive § 2244 applications because the Court had not specifically held that it applied.  *See id.*

6

The language of § 2255 is similar to § 2244. Section 2255 limits review based on a new constitutional right to those rights "recognized by the Supreme Court and made applicable to cases on collateral review." 28 U.S.C.A. § 2255(3). The *Booker* Court specifically held that its determination applied "to all cases on direct review." 125 S. Ct. at 769. The Court did not, however, hold that it applied retroactively to cases on collateral review, as required by *Tyler* to find retroactive application. Thus, *Booker* does not apply retroactively to cases on collateral review. *See In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (holding that under *Tyler*, neither *Booker* nor *Blakely* retroactively applies to § 2255 motions); *see also Godines v. Joslin*, 2005 WL 177959, *2 (N.D. Tex. Jan. 27, 2005) (refusing to extend *Booker* to § 2255 motions); *Gerrish v. United States*, 2005 WL 159642, *1 (D. Me. Jan. 25, 2005) (holding that neither *Blakely* nor *Booker* applies retroactively to § 2255 motions).

## II.  *Booker* Does Not Apply to This Case in Any Event

Even if *Booker* retroactively applied to this case, there is no *Booker* issue present. Petitioner was sentenced based on facts reflected solely in his Statement in Advance of Plea. Petitioner admitted his two prior convictions. In his Statement in Advance of Plea, Petitioner admitted that "[m]y previous convictions include, but may not be limited to, the following: On November 30, 1989 . . . . Possession of a Controlled Substance. . . . On July 20, 1993 . . . Possession of a Controlled Substance."

Moreover, *Booker* explicitly excepted prior convictions from its application. *See Booker*, 125 S. Ct. at 756 ("Any fact (other than a prior conviction ) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty must be

admitted by the defendant or proved to the jury beyond a reasonable doubt."). Thus, *Booker* would not apply to this case in any event.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.

DATED this 31st day of January, 2006.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge